**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHN GROSS**                                                             **PLAINTIFF**

**V.**                            **CIVIL ACTION NO. 3:20-CV-627-HTW-LRA**

**DR. FELIX GORDON**                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Motion to Proceed *in Forma Pauperis* [2] filed by Plaintiff John Gross, an adult resident citizen of Hinds County, Mississippi. Plaintiff filed a Complaint against Defendant Dr. Felix Gordon, a urologist who treated Plaintiff at St. Dominic Hospital in Jackson, Mississippi. In the civil cover sheet completed by Plaintiff, he states that Defendant is also a resident of Hinds County. Accordingly, all parties are adult resident citizens of Mississippi.

If only his income and expenses are reviewed, Plaintiff is entitled to proceed without the prepayment of fees. He has no income other than his monthly $525 in Social Security income and his monthly $260 in Supplemental Security Income. He owns no property and has approximately $460 in monthly expenses.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301

F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Id.*

In his Complaint, Plaintiff contends that on March 11, **2004,** Defendant performed a penile implant on him.  Complaint [1, p. 1].  However, he alleges that the implant has not worked for about three years, and Defendant refused to replace it.  He now has an infection, and Defendant refuses to treat him.  Another doctor now prescribes him medication for the infection and the pain.  As the only jurisdictional basis stated, Plaintiff alleged:

> This is a violation of the 8th, 9th, 11th and 14th Amendment *
> Medical Neogtion [*sic*].  Relief seeks – 1 million in court--
> $500,000 this out court.

[1, p. 2].

In his Civil Cover Sheet, Plaintiff marked that the basis of his jurisdiction was that Plaintiff was the "U. S. Government."  He also marked the nature of the suit as "other contract," "Health Care/Pharmaceutical Personal Injury Product Liability," and "Other Civil Rights."

On its own motion, the Court should also consider whether it has jurisdiction to hear this case, mindful that subject-matter jurisdiction "must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citations omitted).  "District courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (collecting cases).

Plaintiff apparently concedes that the parties have no diversity of citizenship, and he does not set forth a claim under a federal statute.  He charges that his claims show a violation of the 8th, 9th, 11th, and 14th Amendments, but he sets forth no facts which would establish a claim under the United States Constitution.  His claims are generally state law tort claims based upon his allegations that Dr. Gordon refused to treat him and that the medical care Dr. Gordon provided was negligent.

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001);   U.S.Const., art. III, § 2.  Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case.  *See Ruhrgas,* 526 U.S. at 582-83).  The Court may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990) (see also *Burge v. Parish of St. Tammany*,

187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

The Plaintiff is prosecuting this case *pro se*. Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even so, a review of Plaintiff's complaint reveals that this case is frivolous and fails to state a claim because subject matter jurisdiction is absent. There is no diversity jurisdiction because Plaintiff and Defendant are residents of the same state. *See* Complaint [1-1]. There is no federal question jurisdiction because medical malpractice is a state court claim. Any federal benefits involved will not suffice to establish subject matter jurisdiction; they are "only tangentially relevant" to Plaintiff's state tort claims. *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008).

Nowhere in the Complaint does Plaintiff set forth a factual basis for federal jurisdiction. When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case. *See Ruhrgas*, 526 U.S. at 583. Accordingly, this case should be dismissed without prejudice.

## Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. For these reasons, the undersigned recommends that Plaintiff's motion

to proceed *in forma pauperis* [2] be granted and that his Complaint be accepted as filed without the prepayment of a filing fee.  However, his Complaint should be dismissed without prejudice because Plaintiff has failed to establish federal jurisdiction.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation.  Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 13th day of October 2020.

s/Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE